# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-507-RJC-DCK

| | |
|---|---|
| AYMAN KAMEL, | ) |
|         **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| 5CHURCH, INC, PATRICK WHALEN, MAP MANAGEMENT OF CHARLOTTE, LLC, and ALEJANDRO TORIO, | ) |
|         **Defendants.** | ) |
| ------------------------------------- | ) |
| 5CHURCH INC., and 5CHURCH CHARLESTON, LLC, | ) |
|         **Plaintiffs,** | ) |
| v. | ) |
| AYMAN KAMEL, | ) |
|         **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Dismiss Counts One, Two And Three Of 5Church, Inc. And 5Church Charleston's Complaint" (Document No. 23) and "Plaintiff's Motion To Dismiss Defendant Patrick Whalen's Counterclaim Without Prejudice Pursuant To Rules 9(b) And 12(b)(6) Of The Federal Rules Of Civil Procedure" (Document No. 26). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be denied without prejudice.

# I. BACKGROUND

On August 22, 2017, Plaintiff Ayman Kamel ("Plaintiff" or "Kamel") initiated this action with the filing of his "Complaint" (Document No. 1) against 5 Church, Inc. ("5Church Charlotte"), Patrick Whalen ("Whalen"), MAP Management of Charlotte, LLC, ("MAP Management"), and Alejandro Torio ("Torio") (together, "Defendants"). Plaintiff's Complaint asserts claims for: (1) breach of contract – against all Defendants; (2) breach of fiduciary duty – against Whalen and MAP Management; (3) violation of N.C.Gen.Stat. §75-1.1, *et seq.*, - against Whalen and Torio; and (4) an action for equitable accounting – against 5Church Charlotte. (Document No. 1).

On August 28, 2017, 5Church Inc. ("5Church Charlotte") and 5Church Charleston, LLC ("5Church Charleston") (together ("5Church Entities" or "5Church") initiated a separate action in this Court with the filing of their "Verified Complaint" (3:17-CV-517-RJC-DCK, Document No. 1). The 5Church Entities assert the following claims against Kamel: (1) violation of the North Carolina Securities Act, N.C.Gen.Stat. § 78A-56; (2) fraud-misrepresentation of employment background; (3) unfair and deceptive trade practices and competition-unauthorized transfer of email domains; (4) computer trespass, N.C.Gen.Stat. § 14-458; (5) Stored Communications Act, 18 U.S.C. §2701, *et seq.*; (6) conversion – unauthorized transfer of email domains; and (7) injunctive relief. (3:17-CV-517-RJC, Document No. 1).

On August 31, 2017, the Court consolidated the two cases, with the instant case (No. 3:17-CV-507-RJC-DCK) serving as the lead case. (Document No. 10); see also Local Rule 42.1.

On September 19, 2017, Defendants filed their "Answer To Complaint And Counterclaim" (Document No. 21) and their "Answer To Complaint And Amended Counterclaim Of Patrick Whalen" (Document No. 22). Defendant Whalen's counterclaim asserts a claim for "Fraud-Misrepresentation of Employment Background." (Document No. 22, p. 22-24).

On September 20, 2017, Plaintiff filed his "…Motion To Dismiss Counts One, Two And Three Of 5Church, Inc. And 5Church Charleston's Complaint" (Document No. 23).  Plaintiff seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6);  and requests that counts one and two be dismissed without prejudice, and that count three be dismissed with prejudice.  (Document No. 23, p. 2). Plaintiff contends that the 5Church Entities' claims for violation of the North Carolina Securities Act and for fraud should be dismissed because their "Verified Complaint" does not sufficiently allege support for such claims.  Id.  Plaintiff further contends that the 5Church Entities' Unfair and Deceptive Trade Practices Act ("UDTPA") claim should be dismissed as a matter of law because it involves an intra-company dispute that is not premised in or affecting commerce.  Id.

On October 10, 2017, Plaintiff filed his "…Motion To Dismiss Defendant Patrick Whalen's Counterclaim Without Prejudice Pursuant To Rules 9(b) And 12(b)(6) Of The Federal Rules Of Civil Procedure" (Document No. 26).  Similar to his motion to dismiss the 5Church Entities' fraud claims without prejudice, Plaintiff Kamel argues here that "Mr. Whalen has failed to allege the[] required factual details of his fraud claim."  (Document No. 26, p.2).

The pending motions have been fully briefed and are ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Rule 9 of the Federal Rules of Civil Procedure provides that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed.R.Civ.P. 9(b).

> That means that a plaintiff must allege "at a minimum ... the time, place, and contents of the false representations, as well as the

4

identity of the person making the misrepresentation and what he obtained thereby." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008); see also Ingersoll v. Life Indus. Corp., 698 F.Supp.2d 552 (E.D.N.C. 2010); Majeed v. North Carolina, 520 F.Supp.2d 720 (E.D.N.C. 2007). Such facts "are often referred to as the 'who, what, when, where, and how' of the alleged fraud." Wilson, 525 F.3d at 379.

Swift Beef Co. v. Alex Lee, Inc., 5:17-CV-176-MOC, 2018 WL 792071, at *2 (W.D.N.C. Feb. 8, 2018).

### III. DISCUSSION

**A**. **Motion for Partial Dismissal of the 5Church Entities' Verified Complaint**

1. Counts 1 and 2

Plaintiff Kamel first argues that the 5Church Entities' claims under the North Carolina Securities Act ("NCSA") and for fraud must be dismissed without prejudice because they do not satisfy the pleading requirements of Fed.R.Civ.P. 9(b). (Document No. 24, pp. 3-7).

Regarding the fraud claim, Plaintiff acknowledges that the Verified Complaint alleges the content of a purportedly fraudulent statement(s), who made the statements, and what was allegedly obtained as a result, but Plaintiff argues that it does not comply with Rule 9(b) because it does not sufficiently allege:

> (1) *to whom* each specific allegedly fraudulent statement was made, (2) *when* each specific allegedly fraudulent statement was made, (3) how many purported fraudulent statements or conversations took place, and (4) *where* the allegedly fraudulent representations took place.

(Document No. 24, pp. 3-4). Plaintiff concludes that the "requisite particularity is missing" and that "[b]y omitting the information required by Rule 9(b), the 5Church Entities do not make it possible for Mr. Kamel to evaluate the factual basis for their fraud claims as well as his defenses

5

to them." (Document No. 24, p. 4) (citing Bishop v. Green Tree Serv., LLC, 1:06-CV-355-LHT-DLH, 2007 WL 959524, at *9 (W.D.N.C. Mar. 28, 2007).

Plaintiff asserts that the same heightened pleading standard applies to the NCSA claim because "Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud." (Document No. 24, p. 5) (quoting Hometown Servs., Inv. v. EquityLock Solutions, Inc., No. 1:13-CV-304, 2014 WL 4406972, at *2 (W.D.N.C. May 8, 2014)). Plaintiff concludes that for the same reasons the fraud claim fails to satisfy Rule 9(b), the NCSA claim also fails, and should also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 24, p. 7).

In response, the 5Church Entities argue that they have sufficiently alleged the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" as required by Rule 9(b). (Document No. 25, p. 4) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). The 5Church Entities then cite to numerous allegations in the Verified Complaint supporting their position. (Document No. 25, pp. 4-5). They conclude that

> As set forth above, the Complaint specifically alleges the following with regard to the relied upon misrepresentation (the specificity of which misrepresentation is not in dispute): (1) to whom the misrepresentation was made (i.e., (a) Whalen, (b) the investors of 5Church Charlotte (identified in Exh. 2) and (c) the Members of 5Church Charleston (identified in Exh. 3)); (2) the time frames during which the misrepresentation was made (i.e., between (a) June 2007 and June 2009; (b) December 30, 2011 and March 3, 2012; and (c) March 4, 2014 and September 16, 2014, respectively) as well as the fact that Kamel has made the same misrepresentation via his LinkedIn profile and press release on a more or less continuous basis leading up to the filing of the Complaint; and (3) the general location where the misrepresentations were made (i.e., (a) New York city, (b) New York city and (c) Charlotte, respectively). Thus, Kamel is on notice of the contents of the relied-upon misrepresentations, the narrow group of people to whom the

6

> misrepresentations were made, and the time frame and general location in which the misrepresentations were made.

(Document No. 25, pp. 5-6).

5Church concludes that the motion to dismiss relies on an overly restrictive reading of Rule 9(b), ignores the purpose of the rule, and ignores the actual allegations in the Verified Complaint, and therefore, should be denied. (Document No. 25, p. 9).

In reply, Plaintiff Kamel continues to argue that the 5Church allegations are insufficient and that the 5Church Entities should be required to re-plead their fraud claim. (Document No. 28).

2. Count 3

Next, Plaintiff argues that the 5Church Entities' UDTPA claim should be dismissed because the claim is, "at bottom, a mere intra-company dispute between co-owners, concerning the parties' rights under two separate operating agreements, that does not affect consumers or those outside of the companies." (Document No. 24, p. 7). Plaintiff notes that to state a UDTPA claim, "the complaining party must allege: '(1) conduct constituting an unfair or deceptive act or practice; (2) conduct in or affecting commerce, and (3) that such conduct proximately caused actual injury to plaintiff.'" Id. (quoting Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 486 (W.D.N.C. 2009). Plaintiff contends that 5Church has not alleged any conduct that is "in or affecting commerce." Id. (citations omitted).

In response, 5Church contends that Kamel's argument here fails because their allegations were not confined to within the corporate 5Church Entities, but include "SherWeb, the Canadian third-party company that Plaintiffs had engaged to serve as their e-mail administrator." (Document No. 25, p. 9). The 5Church Entities assert that unlike the cases relied on by Plaintiff Kamel, this case directly involved a third-party email provider. (Document No. 25, p. 10).

7

> As specifically stated in the Complaint, the 5Church companies created associated e-mail accounts for their web-domains that were operated by SherWeb as the e-mail administrator. (Comp. ¶84) Kamel unlawfully directed an Information Technology independent contractor to transfer administrative control over the 5Church e-mail accounts to Kamel, which required the filing of documentation with SherWeb. (Comp. ¶¶85-86) As a result of Kamel's request, SherWeb transferred to Kamel administrative access over the 5Church e-mail accounts. (Comp. ¶92) It is evident that Kamel's unfair and deceptive conduct was directed at SherWeb, and as a result affected commerce. *Compare Bandy v. Gibson*, 2017 NCBC 63, at *7 (N.C. Super. July 26, 2017) (plaintiff's UDTPA claim failed because "[t]here is no allegation that [defendant] directed any unfair or deceptive conduct towards any of these third parties or towards any businesses or individuals other than [plaintiff]").

Id.

The 5Church Entities argue that the instant case is more like <u>Sara Lee Corp. v. Carter</u>, 351 N.C. 27, 29 (1999), where "a plaintiff corporation brought action against a former employee who engaged in self-dealing by supplying the plaintiff corporation with supplies from the former employee's companies, without disclosing the former employee's interest in the companies to the plaintiff corporation." (Document No. 25, pp. 10-11). 5Church notes that the "Supreme Court of North Carolina refused to characterize this situation as confined to an employer-employee relationship, and instead held that the business conducted between the companies was "in or affecting commerce" and therefore within the ambit of the statute." (Document No. 25, p. 11) (quoting <u>Sara Lee Corp.</u>, 351 N.C. at 33).

The undersigned finds the 5Church Entities' arguments against dismissal generally persuasive. In short, the allegations in the Verified Complaint are sufficient to survive at this stage of the litigation.

**B**. **Motion for Dismissal of Defendant Whalen's Counterclaim**

Plaintiff Kamel's second motion seeks to dismiss Defendant Whalen's fraud-misrepresentation counterclaim on similar grounds to those stated above. (Document Nos. 26, 27, and 30); see also (Document No. 22, p. 10-24). Plaintiff contends that the counterclaim does not include sufficient detail in its allegations. Id.

Defendant Whalen provides a very similar rebuttal as the 5Church Entities discussed above. Whalen contends his counterclaim "sufficiently alleges the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby' as required by Rule 9(b)." (Document No. 29, p.4) (quoting Harrison, 176 F.3d at 784).

In reply, Plaintiff reasserts that Whalen has failed to adequately describe *when* and *where* Mr. Kamel allegedly made false statements. (Document No. 30). Plaintiff also contends that because he is moving to dismiss Whalen's counterclaim "without prejudice," and asking the Court to allow Whalen to re-plead, he is not seeking to prevent Whalen from asserting a counterclaim.

The undersigned finds that the allegations in the counterclaim are sufficient to survive at this stage of the litigation, but expresses no opinion as to how the Court might rule on a future dispositive motion.

## IV. CONCLUSION

The undersigned concludes that the pending motions to dismiss should be denied, without prejudice to Plaintiff filing renewed dispositive motions, and/or either side filing revised pleadings, at a later date – following further development of the record through discovery. See Swift Beef Co. v. Alex Lee, Inc., 5:17-CV-176-MOC, 2018 WL 792071 (W.D.N.C. Feb. 8, 2018). Regardless of the Court's decision on these early motions to dismiss, this case will move forward with multiple claims pending, including Plaintiff's own UDTPA claim. As such, the undersigned is persuaded

9

that neither side will suffer significant prejudice by including discovery related to the challenged claims. When the parties meet for their Initial Attorney's Conference, they might consider whether to propose some initial discovery period prior to deadlines to file revised pleadings or renewed motion(s) to dismiss.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion To Dismiss Counts One, Two And Three Of 5Church, Inc. And 5Church Charleston's Complaint" (Document No. 23) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion To Dismiss Defendant Patrick Whalen's Counterclaim Without Prejudice Pursuant To Rules 9(b) And 12(b)(6) Of The Federal Rules Of Civil Procedure" (Document No. 26) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the parties be directed to immediately conduct an Initial Attorney's Conference pursuant to Local Rule 16.1.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 7, 2018

David C. Keesler
United States Magistrate Judge