**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-507-RJC-DCK**

| | |
|---|---|
| AYMAN KAMEL, | ) |
| Plaintiff, | ) |
| v. | ) |
| 5CHURCH, INC., PATRICK WHALEN, MAP MANAGEMENT OF CHARLOTTE, LLC, and ALEJANDRO TORIO, | ) |
| Defendants. | ) |
| 5 CHURCH, INC., and 5CHURCH CHARLESTON, LLC, | ) |
| Plaintiffs, | ) |
| v. | ) |
| AYMAN KAMEL, | ) |
| Defendant. | ) |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Confidentiality Agreement and Protective Order (the "Agreement") is entered into this 10th day of September 2018, by and between Ayman Kamel, 5Church, Inc., Patrick Whalen, MAP Management of Charlotte, LLC, Alejandro Torio, and 5Church Charleston, LLC (hereinafter collectively referred to as the "Parties"):

**RECITALS**

1. The Parties hereto are participants in the following proceeding before the United States District Court for the Western District of North Carolina: *Ayman Kamel v.*

*5Church, Inc., et al.,* Consolidated Case No. 3:17-cv-00507 (W.D.N.C.) (hereinafter referred to as the **"Litigation"**).

2. The Parties are engaged in the process of disclosing information between them, some of which is highly confidential.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

    a. The term "Discovery Material" shall mean all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to this Litigation in connection with formal or inf0lmal discovery, hearing, or trial proceeding (whether in the form of Rule 26 disclosures, depositions, transcripts, interrogatory answers, document productions, responses to requests to admit, or otherwise) or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

    b. A **"Stamped Confidential Document"** means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). A Stamped Confidential Document shall mean any and all information produced in the course of discovery or trial which a Party deems to contain trade secrets or other proprietary, technical, financial, or confidential information (including but not limited to financial, commercial or business information, and other sensitive information) and which is designated by the Party as "Confidential" pursuant to the terms and mechanisms of this

Agreement. The following non-exhaustive list of documents, electronic data, and/or information may be designated as "Confidential" pursuant to this Order: information which a Party contends is (a) confidential or proprietary business information, (b) a trade secret, (c) financial information, or (d) sensitive information. Such information may have been produced previously in this Litigation. Duplicate copies of such material shall also be deemed Confidential. The use of information that has been designated as Confidential may be further restricted by the additional designation of such information as ATTORNEY'S EYES ONLY. Notwithstanding the foregoing, information that is public record or in the public domain, or that has been lawfully obtained from any non-party, shall not be considered Confidential.

    c.    An **"Attorneys' Eyes Only Document"** means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "ATTORNEYS' EYES ONLY" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). Such designations shall be made by placing on the face of the material or by otherwise conspicuously labeling the material with the "ATTORNEYS' EYES ONLY" or a substantially similar designation.

2.    **Non-disclosure of Confidential Documents.** Except with the prior written consent of the party or other person originally designating Discovery Material to be stamped as confidential, or as hereinafter provided under this order, no Stamped Confidential Documents or Attorneys' Eyes Only Documents may be disclosed to any person, including any party to this lawsuit, who has not signed and agreed to be bound by this Order. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials

entitled to protection may be accorded status as a "Stamped Confidential Document" or "Attorneys' Eyes Only Document," but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **Permissible Disclosures - Stamped Confidential Documents.** Notwithstanding Section 2 above, Stamped Confidential Documents may be disclosed:

    a. to the Parties that have signed and agreed to be bound by this Order;

    b. to an attorney for either of the Parties who is actively engaged in the conduct of this Litigation; to the partners, associates, secretaries, paralegals, and employees of such an attorney to the extent reasonably necessary to render professional services in the Litigation; to contractors of such an attorney who are involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data; and to court officials involved in this Litigation (including judges, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    c. to any persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    d. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

        i. a recital that the signatory has read, understands, and agrees to be bound by this Order;

ii. a recital that the signatory understands that unauthorized disclosures of the Stamped Confidential Documents or Attorneys' Eyes Only Documents constitute contempt of Court; and

iii. a statement that the signatory consents to the exercise of personal jurisdiction by this Court and will be bound by this Order.

4. **Permissible Disclosures - Attorneys' Eyes Only Documents.** Notwithstanding Section 2 above, Attorneys' Eyes Only Documents may be disclosed to individuals identified in Section 3(b), (c), and (d) above. Before disclosing an Attorneys' Eyes Only Document to any person listed in subsections (c) or (d), the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Discovery Materials to be disclosed, and stating the purposes of such disclosure. If within the ten-day period, a motion is a filed objecting to the proposed disclosure, disclosure is not permissible until the objecting party shows good cause why the proposed disclosure should be permitted.

5. **Good Faith Efforts.** In designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," each party will make such designation only as to that information that it in good faith believes contains confidential information. Discovery Material that is available to the public shall not be designated as confidential.

6. **Inadvertent Production of Confidential Documents.** If a document or other

information is inadvertently produced (or has already been produced) without any designation of confidentiality, a Party nevertheless may assert confidentiality of the document or other information and the Parties shall thereafter treat the documents or other information as "Confidential" or "Attorneys' Eyes Only" depending on the designation. The Party may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as "Confidential" or "Attorneys' Eyes Only" depending on the designation, subject to their right to dispute such designation in accordance with Paragraph 8; provided however that any prior disclosure by the receiving Party of the discovery material before its designation as confidential shall not be deemed a violation of this Order. Each Party shall affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" depending on the designation as applicable to each copy of the newly designated document or other information in its possession.

7. **Inadvertent Production of Privileged Documents.** Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall promptly notify the Receiving Party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during

deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The Party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

8. **Declassification.** A party may apply to the Court for a ruling that Discovery Material stamped as "Confidential" or "Attorneys' Eyes Only" is not entitled to such status and protection. The party or other person that designated the Discovery Material as "Confidential" or "Attorneys' Eyes Only" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the Discovery Material to have such protection.

9. **Confidential Information in Depositions.**

    a. A deponent may during the deposition be shown, and examined about, Stamped Confidential Documents or Attorneys' Eyes Only Documents if the deponent already knows the confidential information contained therein or if the provisions of Section 3 and 4 are met. Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Section 3(d). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential Discovery Material.

    b. Parties and deponents may, within 14 days after receiving a deposition

transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential- Subject to Protection Pursuant to Court Order" or "Attorneys' Eyes Only - Subject to Protection. Pursuant to Court Order."  Until expiration of the 14-day period, the entire deposition will be treated as Attorneys' Eyes Only pursuant to this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

10. **Confidential Information At Trial.**  Subject to the Federal Rules of Evidence, Stamped Confidential Documents, Attorneys' Eyes Only Documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine if the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

11. **Subpoena By Other Courts Or Agencies.**  If another Court or an administrative agency subpoenas or orders production of Stamped Confidential Documents or Attorneys' Eyes Only Documents which a party has obtained under the terms of this order,

such party shall promptly notify the party or other person who designated the Discovery Materials as confidential of the pendency of such subpoena or order, and shall not produce any Stamped Confidential Documents or Attorneys' Eyes Only Documents until the party designating the Discovery Materials has been given at least 10 (ten) days to object to the appropriate Court or agency. The party to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request that is adverse to the party that originally designated the Discovery Materials as confidential.

12. **Filing.** Stamped Confidential Documents or Attorneys' Eyes Only Documents need not be filed with the Clerk except when required in connection with motions under Federal Rule Civil Procedure 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as Stamped Confidential Documents or Attorneys' Eyes Only Documents.

13. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Stamped Confidential Documents or Attorneys' Eyes Only Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Sections 3 and 4.

14. **Prohibited Copying.** If Discovery Material contains information so sensitive that it should not be copied by anyone, the producing party may petition the Court for an order prohibiting the receiving party from copying such Discovery Material.

15. **Use.** Persons obtaining access to Stamped Confidential Documents and Attorneys' Eyes Only Documents under this order shall use the information only for preparation and trial of this Litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative, or judicial proceedings.

16. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after conclusion of all aspects of this Litigation, Stamped Confidential Documents and Attorneys' Eyes Only Documents, and all copies of them (other than exhibits of record) shall be returned to the party or person which produced such Discovery Material or, at the option of the producer if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the certification to counsel for the party who produced the Discovery Material not more than 150 days after final termination of this Litigation. The ultimate disposition of protected materials shall be subject to a final order of the Court on the completion of litigation.

17. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order by application to the Court or from objecting to discovery that it believes to be otherwise improper.

18. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Stamped Confidential Documents and Attorneys' Eyes Only Documents. Parties shall not duplicate any Stamped Confidential Document or Attorneys'

Eyes Only Documents except working copies and for filing in Court under seal.

Respectfully submitted this 10th day of September 2018.

| | |
|---|---|
| */s/ Dana C. Lumsden* | */s/ Eric H. Cottrell* |
| Dana C. Lumsden, Esq. [NC Bar No. 32497] | Eric H. Cottrell, Esq. [NC Bar No. 21994] |
| Jonathan E. Schulz, Esq. [NC Bar No. 47285] | Eric A. Frick, Esq. [NC Bar No. 49212] |
| BRADLEY ARANT BOULT CUMMINGS LLP | PARKER POE ADAMS & BERSTEIN LLP |
| Hearst Tower, 214 North Tryon Street | 401 S. Tryon St. |
| Suite 3700 | Suite 3000 |
| Charlotte, North Carolina 28202 | Charlotte, NC 28202 |
| Telephone: (704) 338-6000 | Telephone: (704) 372-9000 |
| Facsimile: (704) 338-6067 | Facsimile: (704) 334-4706 |
| dlumsden@bradley.com | ericcottrell@parkerpoe.com |
| jschulz@bradley.com | ericfrick@parkerpoe.com |
| | |
| For AYMAN KAMEL | For 5CHURCH, INC., PATRICK WHALEN; MAP MANAGEMENT of CHARLOTTE, LLC; ALEJANDRO TORIO; and 5CHURCH CHARLESTON, LLC |

**SO ORDERED**.

Signed: September 10, 2018

David C. Keesler
United States Magistrate Judge