**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-507-RJC-DCK**

| | |
|---|---|
| AYMAN KAMEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>5CHURCH, INC., PATRICK WHALEN, )<br>MAP MANAGEMENT OF CHARLOTTE, )<br>LLC, and ALEJANDRO TORIO, )<br>)<br>Defendants. )<br>_____)<br>)<br>5 CHURCH, INC., and 5CHURCH )<br>CHARLESTON, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AYMAN KAMEL, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Ayman Kamel's Motion To Seal" (Document No. 72) filed May 29, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting consent of Defendants' counsel, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Rule 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

  **(a)    *Scope of Rule*.** To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed.  This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

  **(b)    *Filing under Seal*.**  No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

  **(c)    *Motion to Seal or Otherwise Restrict Public Access*.**  A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1.  Such motion must be filed electronically under the designation "Motion to Seal."  The motion must set forth:

  **(1)**    A non-confidential description of the material sought to be sealed;
  **(2)**    A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
  **(3)**    Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing;  and
  **(4)**    Supporting statutes, case law, or other authority.

  To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

Local Rule 6.1.

  Having considered the factors provided in Local Rule 6.1(c), Plaintiff's thorough "…Memorandum Of Law In Support Of Motion To Seal" (Document No. 72-1), and Defendants' consent, the Court will grant the motion to seal.  Based on the foregoing information, it appears

that the requirements of Local Rule 6.1(c)(1) through (4) have been met.  <u>See</u> (Document No. 72-1).

Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure.  <u>See</u> Local Rule 6.1(e).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Ayman Kamel's Motion To Seal" (Document No. 72) is **GRANTED**.  Plaintiff may file Exhibits E & F attached to Plaintiff's Opposition to Defendants' Motion for Summary Judgment;  and certain portions of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment that discuss and describe the said exhibits, under seal.

**SO ORDERED**.

Signed: May 30, 2019

David C. Keesler
United States Magistrate Judge