**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-507-RJC-DCK**

| | |
|---|---|
| AYMAN KAMEL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| 5CHURCH, INC., PATRICK WHALEN, MAP MANAGEMENT OF CHARLOTTE, LLC, and ALEJANDRO TORIO, | ) |
| Defendants. | ) |
| 5 CHURCH, INC., and 5CHURCH CHARLESTON, LLC, | ) |
| Plaintiffs, | ) |
| v. | ) |
| AYMAN KAMEL, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Seal" (Document No. 129) filed October 23, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Rule 6.1 provides in relevant part as follows:

    **LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**

        **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law

and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1.

By the instant motion, Plaintiff Kamel seeks to seal certain portions of "Exhibit 'A'" to his "Revised Memorandum Of Law In Support Of Plaintiff's Motion In Limine …" (Document No. 128).

Having considered the factors provided in Local Rule 6.1(c) and "Plaintiff Ayman Kamel's Memorandum Of Law In Support Of Motion To Seal" (Document No. 130), the Court will deny the motion to seal without prejudice. In short, the undersigned is not persuaded that it is necessary to seal proposed trial Exhibits 76, 81, and 84 in "Exhibit 'A'" (Document No. 128-1), or that there

are no alternatives to filing under seal. However, the undersigned is satisfied that proposed Exhibit 74 may be filed under seal or redacted.

In addition, the undersigned is concerned that there are multiple pages in "Exhibit 'A'" (Document No. 128-1) that include personal data identifiers, such as social security numbers, financial account numbers, birth dates, complete home addresses etc., that must be redacted. See Administrative Procedures Governing Filing And Service By Electronic Means, pp. 29-30 (W.D.N.C. Jan. 1, 2018); https://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/local-rules. To date, Plaintiff has not sought to seal or redact this sensitive information.

Under these circumstances, the undersigned will direct the Clerk's Office to strike Document No. 128-1 in its entirety. Plaintiff may file a revised motion to seal that includes appropriate redactions to all personal data identifiers in it motion, memorandum, and attachments. In addition, Plaintiff in consultation with Defendants, shall seek an alternative to completely sealing proposed Exhibits 76, 81, and 84 – such as applying minimal redactions as necessary.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Seal" (Document No. 129) is **DENIED WITHOUT PREJUDICE**. The Clerk's Office shall **STRIKE** "Exhibit 'A'" (Document No. 128-1).

**SO ORDERED**.

Signed: October 25, 2019

David C. Keesler
United States Magistrate Judge