UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-507-RJC-DCK

| | |
|---|---|
| AYMAN KAMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 5CHURCH, INC., PATRICK WHALEN, ) | |
| MAP MANAGEMENT OF CHARLOTTE, ) | |
| LLC, and ALEJANDRO TORIO, ) | |
| ) | |
| Defendants. ) | |
| ) | **ORDER** |
| ) | |
| 5CHURCH, INC., and 5CHURCH ) | |
| CHARLESTON, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AYMAN KAMEL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the parties' motions for attorneys' fees and costs. (Doc. Nos. 143, 145.)

I. BACKGROUND

This litigation arose out of a dispute between two friends and co-owners of several restaurant businesses. Plaintiff Ayman Kamel ("Kamel") and Defendant Patrick Whalen ("Whalen") met over ten years ago while working for a restaurant and night club in New York City. Kamel and Whalen eventually became close friends and opened a restaurant together in Charlotte, North Carolina named 5Church.

After the success of their first 5Church restaurant, they opened additional 5Church restaurants in Atlanta, Georgia and Charleston, South Carolina. Ultimately, differences arose between Kamel and Whalen, and this litigation ensued.

Kamel filed this action against 5Church, Inc. ("5Church Charlotte"), Whalen, MAP Management of Charlotte, LLC ("MAP"), and Alejandro Torio (collectively, the "Defendants")—all of whom were involved in the ownership or management of the 5Church restaurants. Kamel asserted claims for (1) breach of the 5Church Charlotte Operating Agreement against all Defendants, (2) breach of fiduciary duty against Whalen and MAP, (3) unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1 against Whalen and Torio, and (4) equitable accounting against 5Church Charlotte. Whalen asserted counterclaims against Kamel for fraud and violation of the North Carolina Securities Act.

Thereafter, 5Church Charlotte and 5Church Charleston, LLC ("5Church Charleston") initiated a separate action against Kamel, which was later consolidated into this action. (Doc. No. 10.) 5Church Charlotte and 5Church Charleston (collectively, "5Church") asserted claims against Kamel for (1) violation of the North Carolina Securities Act, (2) fraud, (3) unfair or deceptive acts or practices and unfair methods of competition in violation of N.C. Gen. Stat. § 75-1.1, (4) computer trespass in violation of N.C. Gen. Stat. § 14-458, (5) violation of the Stored Communications Act ("SCA"), (6) conversion, (7) violation of the Computer Fraud and Abuse Act ("CFAA"), (8) breach of the duty of loyalty to 5Church Charleston, and (9) injunctive relief.

2

At summary judgment, the Court dismissed most of the claims in this lawsuit. Specifically, the Court dismissed part of Kamel's breach of contract claim, Kamel's breach of fiduciary duty claim as to Whalen, Kamel's claim for violation of N.C. Gen. Stat. § 75-1.1, Whalen's and 5Church's fraud claims, Whalen's and 5Church's claims under the North Carolina Securities Act, 5Church's claim for violation of N.C. Gen. Stat. § 75-1.1, part of 5Church's SCA claim, 5Church's CFAA claim, 5Church's claim for conversion, 5Church Charleston's claim for breach of the duty of loyalty, and 5Church's claim for injunctive relief. (Doc. No. 106.) As a result, the following claims proceeded to trial: part of Kamel's claim for breach of contract, Kamel's claim for breach of fiduciary duty against MAP, 5Church's claim for computer trespass, and part of 5Church's SCA claim.[1]

A three-day jury trial was held from November 4 to November 6, 2019. With respect to Kamel's breach of contract claim, the jury returned a verdict in favor of Defendants. With respect to Kamel's claim for breach of fiduciary duty against MAP, the jury returned a verdict in favor of Kamel and awarded him $1.00 in nominal damages. As for 5Church's computer trespass claim, the jury returned a verdict in favor of 5Church and awarded it $7,200 in damages. And as for 5Church's SCA claim, the jury found that Kamel violated the SCA and acted without grounds for believing his conduct was lawful or in flagrant disregard of others' rights under the SCA, but the jury assessed no punitive damages against Kamel. (Doc. No. 139.)

Following trial, 5Church and Kamel filed their respective motions for

---

[1] Kamel abandoned his claim for an equitable accounting.

3

attorneys' fees and costs. The motions have been fully briefed and are now ripe for adjudication.

## II. 5CHURCH'S MOTION FOR ATTORNEYS' FEES AND COSTS

5Church seeks an award of attorneys' fees and costs in connection with its SCA claim. 5Church's SCA claim was based on (1) Kamel implementing an email forwarding rule on Whalen's 5Church email account pursuant to which Whalen's emails were automatically forwarded to Kamel's personal email address, and (2) Kamel taking the administrative rights to the 5Church email domains. At summary judgment, the Court concluded that to the extent that 5Church's SCA claim was based on Kamel implementing the email forwarding rule, the claim was barred by the statute of limitations. In addition, the Court concluded that 5Church could not recover statutory damages on the remaining aspect of its SCA claim because 5Church failed to prove actual damages, which are a prerequisite to recovering statutory damages. But because proof of actual damages is not required to recover punitive damages or attorneys' fees under the SCA, the remaining aspect of 5Church's SCA claim proceeded to trial. As stated above, the jury found that Kamel violated the SCA and acted without grounds for believing his conduct was lawful or in flagrant disregard of others' rights under the SCA, but the jury assessed no punitive damages against Kamel.

The SCA provides that "[i]n the case of a successful action to enforce liability under [18 U.S.C. § 2707], the court may assess the costs of the action, together with reasonable attorney fees determined by the court." 18 U.S.C. § 2707(c). Whether to

4

award attorneys' fees in a successful action under the SCA is within the district court's discretion. Vista Mktg., LLC v. Burkett, 812 F.3d 954, 977 (11th Cir. 2016). A district court's grant or denial of an award of attorneys' fees is reviewed for an abuse of discretion. Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).

There is scant case law on the determination of whether to award attorneys' fees under the SCA. Nevertheless, in deciding whether to award attorneys' fees under the SCA, at least one court has considered the non-prevailing party's degree of culpability or bad faith, the deterrence or effect of an award of attorneys' fees, and the need for compensation. Health First, Inc. v. Hynes, No. 6:11-cv-715-Orl-41KRS, 2015 U.S. Dist. LEXIS 189578, at *8 (M.D. Fla. Mar. 5, 2015), aff'd, 628 F. App'x 723 (11th Cir. 2016).

Having carefully considered the course of this litigation, the arguments made and evidence presented at summary judgement and at trial, and the jury's verdict, the Court declines to award attorneys' fees to 5Church. As an initial matter, only a fraction of 5Church's SCA claim proceeded to trial. At summary judgment, the Court concluded that the claim was time barred to the extent it was based on Kamel's implementation of the email forwarding rule. The Court further concluded that even to the extent that the claim was based on Kamel taking the administrative rights to the 5Church email domains, 5Church failed to prove actual damages and thus could not recover actual damages or statutory damages. Accordingly, the claim proceeded to trial on the limited issue of whether Kamel violated the SCA by taking administrative control over the 5Church email domains and, if so, the issue of

5

punitive damages.

In addition, the Court concludes that an award of attorneys' fees is not likely to have any deterrent effect. The jury found that Kamel violated the SCA and acted without grounds for believing his conduct was lawful or in flagrant disregard of others' rights under the SCA. As a result, the jury had the opportunity to assess punitive damages against Kamel. On that issue, the Court instructed the jury as follows:

> If you find that Kamel acted without grounds for believing his conduct was lawful or in flagrant disregard of others' rights under the Stored Communications Act, then you may assess punitive damages against Kamel. The purpose of punitive damages is not to compensate but rather to punish a person for wrongful conduct and to deter similar misconduct by that person and others in the future. Even if you find that Kamel acted without grounds for believing his conduct was lawful or in flagrant disregard of others' rights under the Stored Communications Act, you may decide not to impose punitive damages at all. The assessment of punitive damages is within your discretion.

The jury declined to assess punitive damages against Kamel, thus making clear that the jury believed such damages were not necessary to punish Kamel for his wrongful conduct or deter him from similar, future misconduct. See Vista Mktg., 812 F.3d at 978 (affirming district court's denial of attorneys' fees under the SCA where district court's decision was based in part on the jury's finding that plaintiff was not entitled to any actual or punitive damages on its SCA claim).

Further, the record lacks evidence that Kamel acted in bad faith. Approximately two weeks after 5Church filed its lawsuit against Kamel alleging that he wrongfully took the administrative rights to the 5Church email domains, the parties entered into a Domain Name Management Agreement. (Doc. No. 149-1.)

6

Under that agreement, the administrative control over the 5Church email domains was allocated among the parties. Specifically, Kamel retained control only over one 5Church email domain, and Whalen retained control over the other two 5Church email domains. Thus, while the agreement did not moot or resolve 5Church's already pending claim under the SCA, the agreement resolved the issue of control over the 5Church email domains underlying that claim.

In sum, as most of 5Church's SCA claim was dismissed at summary judgment, 5Church failed to prove actual damages, the jury declined to assess punitive damages against Kamel, and Kamel relinquished control over the email domains pursuant to the Domain Name Management Agreement within weeks after 5Church filed its lawsuit, the Court declines to exercise its discretion to award attorneys' fees to 5Church on its SCA claim.

### III. KAMEL'S MOTION FOR ATTORNEYS' FEES

The Court previously awarded Kamel his reasonable attorneys' fees and costs incurred in pursuing a motion in limine to exclude untimely disclosed evidence. (Doc. No. 131.) Pursuant to that order, Kamel seeks $5,005 in attorneys' fees and $1,247.10 in costs. (Doc. No. 143.) Defendants do not oppose the motion or the amounts requested. (Doc. No. 148.) Therefore, the Court grants Kamel's motion and awards Kamel $5,005 in attorneys' fees and $1,247.10 in costs.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. 5Church's motion for attorneys' fees and costs, (Doc. No. 145), is

**DENIED**; and

2. Kamel's motion for attorneys' fees and costs, (Doc. No. 143), is **GRANTED**. Defendants shall pay Kamel $5,005 in attorneys' fees and $1,247.10 in costs.

Signed: August 6, 2020

Robert J. Conrad, Jr.
United States District Judge